IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIEL L. WILLIAMS,** | : | |
| Plaintiff | : | |
| | : | No. 1:22-cv-01337 |
| v. | : | |
| | : | (Judge Rambo) |
| **PA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| Defendants | : | |

# MEMORANDUM

Pro se Plaintiff Jamiel L. Williams ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania. He commenced the above-captioned action by filing a complaint, followed by an amended complaint, pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights. (Doc. Nos. 1, 18.) In accordance with the Prison Litigation Reform Act,[1] the Court previously conducted an initial review of the amended complaint and dismissed it for failure to state a claim upon which relief can be granted. However, the Court granted Plaintiff leave to file a second amended complaint. Plaintiff has since filed his second amended complaint. For the reasons set forth below, the Court will

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

dismiss the second amended complaint, but will grant Plaintiff a final opportunity to amend his pleading.

I.      BACKGROUND

On August 26, 2022, Plaintiff filed his original Section 1983 complaint against the following Defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) Smart Communications, the DOC's contracted mail processing center located in St. Petersburg, Florida; (3) Mr. Rivello ("Rivello"), the Superintendent at SCI Huntingdon ("Rivello"); and (4) Ms. Goss ("Goss"), a Unit Manager at SCI Huntingdon ("Goss").  (Doc. No. 1.)  Following some initial administrative matters (Doc. Nos. 6, 8), Plaintiff filed a certified motion for leave to proceed in forma pauperis and his prisoner trust fund account statement on September 22, 2022 (Doc. Nos. 12, 13).  A few days later, Plaintiff filed a motion to amend his original complaint (Doc. No. 14), as well as a motion requiring Defendant Smart Communications to show, among other things, proof of documentation from Plaintiff (Doc. No. 15).

On October 3, 2022, the Court granted Plaintiff's certified motion for leave to proceed in forma pauperis and deemed his complaint filed.  (Doc. No. 17.)  The Court also granted Plaintiff's motion to amend his complaint and directed him to file his amended complaint within thirty (30) days.  (Id.)  The Court denied as premature, however, Plaintiff's motion requiring proof of documentation from Defendant Smart

Communications since Defendants had not yet been served with the original complaint and Plaintiff was granted leave to file an amended complaint. (Id.)

### A. Plaintiff's Amended Complaint

On October 17, 2022, Plaintiff his amended Section 1983 complaint. (Doc. No. 18.) He once again named Defendants DOC, Smart Communications, Rivello and Goss, but he also named, for the first time, Defendant J. Corley, a Security Lieutenant at SCI Huntingdon (collectively, "Defendants"). (Id. at 1-3.) In his amended complaint, Plaintiff asserted that the events giving rise to his claims occurred at SCI Huntingdon, beginning in August of 2021 and continuing up until October of 2022. (Id. at 4 (citing the pertinent dates as follows: June 27, 2022; July 11, 2022; August 17, 2022; August 25, 2022; and August 29, 2022).) Plaintiff also asserted that he brought this action because of the "Departmental, Institutional[,] and Employee wrongs[,]" as well as the "Procedural and Policy mishaps that need to be addressed and fixed[,]" as they are resulting in a "a Violation of Constitutional & Prisoner rights[.]" (Id.)

In connection with these assertions, Plaintiff alleged that Defendants DOC and Smart Communications do not have "permission verbally or written/[d]ocumented from [him] to scan/copy [his] original mail and give [him] copies." (Id.) Plaintiff also alleged that there is a "Violation of Mail & Denial of Legal Mail[ ] From Another State due to No Court Control Number, No

3

Standardized U.S. Postal Mailboxes[.]"  (Id.; id. at 5 (suggesting that "state legal work" is not "get[ting] accepted into facilities like SCI[ ] Huntingdon").)  In addition, Plaintiff alleged that "[he] was assaulted" (id. at 4) by Defendant Corley (id. at 5) and that Defendant Corley read his legal mail (id).  Finally, Plaintiff sought to hold Defendant Goss "liable to replace [the] value of stolen property[.]"  (Id.)

As a result of those allegations, Plaintiff appeared to assert a violation of his First Amendment rights against Defendants DOC and Smart Communication concerning his mail, a violation of his Eighth Amendment rights against Defendant Corley for allegedly assaulting him, and a violation of his Fourteenth Amendment rights against Defendant Goss concerning his allegedly "stolen" property. (Id.) Plaintiff, however, did not assert any violations of his rights against Defendant Rivello.  As for relief, Plaintiff sought both injunctive and monetary relief against Defendants.  (Id.)

By Memorandum and Order dated December 7, 2022, the Court dismissed Plaintiff's amended complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. Nos. 19, 20.)  More specifically, the Court dismissed Plaintiff's Section 1983 claims against the DOC and Smart Communications without leave to amend.  (Doc. No. 19 at 7-11.)  In addition, the Court dismissed Plaintiff's Section 1983 claims against Defendants Rivello, Corley, and Goss.  (Id. at 12-14.)  In particular, the Court found that

4

Plaintiff's amended complaint did not give rise to a plausible inference that Defendants Rivello, Corley, or Goss had personally violated his constitutional rights. (Id. at 12-13.) The Court also found that, because Plaintiff's amended complaint did not give rise to a plausible inference that Defendants Rivello, Corley, or Goss had personally violated his constitutional rights, it did not provide fair notice of Plaintiff's claims against these Defendants and/or the grounds upon which those claims rest and, therefore, did not satisfy Rule 8 of the Federal Rules of Civil Procedure. (Id. at 13-14.) However, the Court could not say that it would be futile to grant Plaintiff leave to file a second amended complaint and, thus, granted Plaintiff such leave. (Id. at 14-16.)

### B. Plaintiff's Second Amended Complaint

On January 9, 2023, Plaintiff filed his second amended Section 1983 complaint. (Doc. No. 21.) He again names Rivello, Corley, and Goss as the Defendants (id. at 1-2), and he asserts the following allegations against them.

Regarding Defendant Rivello, the Superintendent at SCI Huntingdon, Plaintiff alleges that his "medical department refused to medicate Plaintiff[.]" (Id. at 2.) Plaintiff also alleges that "[h]is [g]rievance response was bias because his personal relationship outside [his position at SCI Huntingdon] could have incouraged [sic] him to protect other staff members[,]" including Defendant Corley, "from any possible" constitutional violations. (Id.) In addition, Plaintiff alleges that

5

Defendant Rivello "failed to investigate [an] assault on Plaintiff when [he was] told personally[.]" (Id.) Finally, Plaintiff broadly alleges that Defendant Rivello had a "departmental policy [of] not allowing inmate[s] access to having or viewing documentation from outside agencies when used in [connection with a] misconduct[.]" (Id.) Based upon these allegations, Plaintiff claims that Defendant Rivello violated his rights under the Eighth Amendment to the United States Constitution. (Id.)

Regarding Defendant Corley, Plaintiff alleges that, on August 17, 2022, Defendant Corley "punched Plaintiff in the shoulder twice and also grabbed the back of his neck [and] squeezed it tightly, [causing Plaintiff to feel] extreme excraciating [sic] pain." (Id. at 3 (alleging that this constitutes "excessive force").) In addition, Plaintiff broadly alleges that Defendant Corley "opened [and] read" his mail and that this "caused [him] to get a misconduct report[.]" (Id.) Based upon these allegations, Plaintiff appears to claim that Defendant Corley violated his rights under the First and Eighth Amendments to the United States Constitution. (Id.)

Regarding Defendant Goss, Plaintiff alleges that she "overlook[ed] Plaintiff asking for help within the Request of Staff, where [his] cell-mate was stealing from [him] at [the] time." (Id.) Plaintiff also alleges that Defendant Goss placed an "atypical" and "significant[ ]" hardship on him "due to loss of job" in SCI Huntingdon's kitchen. (Id.) As a result, Plaintiff alleges that she violated his

6

"[e]qual [p]rotection" rights under the Fourteenth Amendment to the United States Constitution. (Id.)

As for relief, Plaintiff seeks monetary damages in the form of compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 3-4.) Plaintiff also makes a demand for a jury trial. (Id. at 4.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be

7

entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff has filed his second amended complaint pursuant to the provisions of Section 1983, asserting violations of his rights under the First, Eighth, and Fourteenth Amendments. (Doc. No. 21.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

In order for liability to attach under Section 1983, Plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).

### A. Defendant Rivello

Plaintiff asserts an Eighth Amendment deliberate indifference claim against Defendant Rivello. (Doc. No. 21 at 2.) Defendant Rivello, who has been named as the Superintendent of SCI Huntingdon in Plaintiff's second amended complaint, is a supervisory official. (Id. at 1.)

In the context of Section 1983, the United States Court of Appeals for the Third Circuit has recognized two theories of supervisory liability. See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Under one theory, a supervisor can be held liable if it is shown that he, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." See id. (citation and internal quotation marks omitted) (alteration in original); Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016). Under the other theory, a supervisor can be held liable if it is shown that he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." See A.M. ex rel. J.M.K., 372 F.3d at 586; Parkell, 833 F.3d at 330.

Here, the Court finds that there are no well-pleaded allegations in the second amended complaint that would plausibly raise the inference, that Plaintiff has established either one of these theories of supervisory liability against Defendant

Rivello. Indeed, there are no allegations to show that Defendant Rivello participated in, directed, or knew of and acquiesced in the alleged refusal to medicate Plaintiff or in the alleged assault on Plaintiff, <u>or</u> that Defendant Rivello was deliberately indifferent to the consequences of a policy, practice, or custom that he had established and maintained. While the second amended complaint contains a broad allegation that Defendant Rivello had a "departmental policy [of] not allowing inmate[s] access to having or viewing documentation from outside agencies when used in [connection with a] misconduct[,]" (Doc. No. 21 at 2), the second amended complaint neither expands on this policy nor contains any specific facts that Defendant Rivello knew of consequences flowing from this alleged policy yet deliberately disregarded those consequences.

Moreover, the law is clear that such broad or conclusory allegations are not entitled to the assumption of truth. See <u>Ashcroft</u>, 556 U.S. at 679 (stating that "conclusions[ ] are not entitled to the assumption of truth[,]" and "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (explaining that while a court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions" (citation omitted)).

Accordingly, the Court finds that Plaintiff's second amended complaint fails to allege particular allegations of personal involvement on the part of Defendant

11

Rivello. As such, the Court will dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Rivello.

### B.     Defendant Corley

Plaintiff appears to assert First and Eighth Amendment claims against Defendant Corley. (Doc. No. 21 at 3.) The Court addresses these claims separately below.

#### 1.     First Amendment

In the second amended complaint, Plaintiff asserts that Defendant Corley "opened" and "read" his mail and that this "caused [him] to get a misconduct report[.]" (Id.) Based upon this allegation, Plaintiff appears to claim that Defendant Corley violated his constitutional rights under the First Amendment. (Id.) For the reasons set forth below, however, the Court finds that Plaintiff's second amended complaint has failed to provide sufficient factual allegations to satisfy Rule 8 of the Federal Rules of Civil Procedure.

As explained by the Court in its December 7, 2022 Memorandum (Doc. No. 19 at 13-14), Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. "In other words, a complaint must do more than allege the plaintiff's

entitlement to relief[; it] "has to show such an entitlement with its facts."  See Fowler, 578 F.3d at 211 (citation and internal quotation marks omitted).

Here, however, the second amended complaint does not contain specific factual allegations to provide Defendant Corley with fair notice of Plaintiff's First Amendment claim or the grounds upon which that claim rests.  In particular, the second amended complaint has not explained the nature of Plaintiff's mail that was allegedly opened by Defendant Corley, the timeframe in which Defendant Corley allegedly opened Plaintiff's mail, or why the alleged opening and reading of Plaintiff's mail resulted in a misconduct report being issued against him.

Without such specific factual allegations, Plaintiff cannot proceed with his First Amendment claim against Defendant Corley because it does not comply with Rule 8 of the Federal Rules of Civil Procedure.  As a result, the Court will dismiss Plaintiff's First Amendment claim against Defendant Corley.  See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

### 2. Eighth Amendment

In the second amended complaint, Plaintiff asserts that, on August 17, 2022, Defendant Corley "punched [him] in the shoulder twice and also grabbed the back of his neck [and] squeezed it tightly[, causing Plaintiff to feel] excraciating [sic] pain." (Doc. No. 21 at 3.) Based upon this allegation, Plaintiff claims that Defendant Corley used excessive force against him in violation of the Eighth Amendment. (Id.)

"The Eighth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Glossip v. Gross, 576 U.S. 863, 876 (2015). "The Supreme Court has interpreted this prohibition . . . to bar prison officials from using excessive force against inmates[.]" Young v. Martin, 801 F.3d 172, 177 (3d Cir. 2015) (citing Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)).

Where a prison defendant is alleged to have used excessive force in violation of the Eighth Amendment, the pertinent inquiry is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Chavarriaga, 806 F.3d at 230-31 (explaining that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,]" and "[t]his is true whether or not significant injury is evident").

In conducting this inquiry, there are several factors that a court must consider in determining whether a prison defendant has used excessive force against a prisoner, including: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" See Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, the Court finds that the allegations in Plaintiff's second amended complaint, accepted as true and construed in the light most favorable to Plaintiff, have plausibly stated an Eighth Amendment excessive use of force claim against Defendant Corley. While Plaintiff does not expressly allege that Defendant Corley acted maliciously and sadistically to cause harm, he does allege that Defendant Corley punched him twice and squeezed his neck, causing him excruciating pain. At this stage of the proceedings, the Court finds that these allegations are sufficient to raise a plausible inference that Defendant Corley was not acting in good faith to maintain or restore discipline. As such, Plaintiff will be permitted to proceed on his Eighth Amendment excessive use of force claim against Defendant Corley.

### C.     Defendant Goss

In the second amended complaint, Plaintiff asserts that Defendant Goss (a) "overlook[ed] Plaintiff asking for help within the Request of Staff, where [his] cell-mate was stealing from [him] at [the] time[,]" and (b) placed an "atypical" and "significant[ ]" hardship on him "due to loss of job" in SCI Huntingdon's kitchen. (Doc. No. 21 at 3.)  Based upon these allegations, Plaintiff claims that Defendant Goss violated his "[e]qual [p]rotection" rights under the Fourteenth Amendment to the United States Constitution.  (Id.)

Similar to Plaintiff's First Amendment claim against Defendant Corley, the Court finds that Plaintiff's second amended complaint does not contain sufficient factual allegations to provide Defendant Goss with fair notice of Plaintiff's Fourteenth Amendment claim or the grounds upon which that claim rests.  In particular, the Court finds that Plaintiff's second amended complaint fails to offer any factual basis for how or when Defendant Goss "overlook[ed]" Plaintiff's "Request of Staff" or the precise nature of what was asserted in his "Request of Staff." (Doc. No. 21 at 3.)  Additionally, Plaintiff's second amended complaint fails to explain when Defendant Goss placed an "atypical" and "significant[ ]" hardship on him regarding the loss of his job at SCI Huntingdon or the manner in which she allegedly did this.  (Doc. No. 21 at 3.)  Without such specific factual allegations, Plaintiff's second amended complaint has failed to provide Defendant Goss with fair

16

notice of his claims or the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. As a result, the Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim against Defendant Goss. See Garrett, 938 F.3d at 93; Binsack, 438 F. App'x at 160.

### D. Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his second amended complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim

upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his Eighth Amendment deliberate indifference claim against Defendant Rivello would be futile. The Court previously granted Plaintiff leave to amend his Section 1983 claim against Defendant Rivello in order for Plaintiff to plausibly allege Defendant Rivello's personal involvement in the asserted violations of Plaintiff's constitutional rights. As discussed above, however, Plaintiff's second amended complaint has not cured this deficiency. Thus, the Court finds that any further amendment of his Section 1983 claim against Defendant Rivello would be futile.

The Court cannot say, however, that granting Plaintiff leave with respect to his First Amendment claim against Defendant Corley or his Fourteenth Amendment equal protection claim against Defendant Goss would be futile. As such, Plaintiff will be permitted a **final** opportunity to amend these claims. Plaintiff will also be permitted to proceed on his Eighth Amendment excessive use of force claim against Defendant Corley.

Plaintiff is advised that the third amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint, amended complaint, second amended complaint, or any other

18

document already filed. The third amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will dismiss Plaintiff's second amended complaint (Doc. No. 21) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will grant Plaintiff a final opportunity amend his pleading. An appropriate Order follow.

Dated: March 9, 2023                                   s/ Sylvia H. Rambo
                                                                         SYLVIA H. RAMBO
                                                                         United States District Judge