IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIEL L. WILLIAMS,** : | |
| **Plaintiff** : | |
| : | No. 1:22-cv-01337 |
| v. : | |
| : | (Judge Rambo) |
| **PA DEPARTMENT OF** : | |
| **CORRECTIONS, et al.,** : | |
| **Defendants** : | |

# MEMORANDUM

Pro se Plaintiff Jamiel L. Williams ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania. He has brought this civil rights action under 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated there. Following several opportunities to amend his pleading, the only remaining Defendants are Ms. Goss ("Goss"), a Unit Manager at SCI Huntingdon ("Goss"), and J. Corley, a Security Lieutenant at SCI Huntingdon ("Corley"). Currently pending before the Court is Plaintiff's third amended complaint, wherein he asserts an Eighth Amendment claim against Defendant Corley and Fourteenth Amendment claims against Defendant Goss. (Doc. No. 25.) For the reasons set forth below, the Court will dismiss Plaintiff's Fourteenth Amendment claims against Defendant Goss, as well as Plaintiff's First Amendment claim against Defendant Corley, but

will allow Plaintiff to proceed on his Eighth Amendment claim against Defendant Corley.

I.     BACKGROUND

On August 26, 2022, Plaintiff filed his original Section 1983 complaint against the following Defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) Smart Communications, the DOC's contracted mail processing center located in St. Petersburg, Florida; (3) Mr. Rivello ("Rivello"), the Superintendent at SCI Huntingdon ("Rivello"); and (4) Goss.  (Doc. No. 1.)  Following some initial administrative matters (Doc. Nos. 6, 8), Plaintiff filed a certified motion for leave to proceed in forma pauperis and his prisoner trust fund account statement on September 22, 2022 (Doc. Nos. 12, 13).  A few days later, Plaintiff filed a motion to amend his original complaint (Doc. No. 14), as well as a motion requiring Defendant Smart Communications to show, among other things, proof of documentation from Plaintiff (Doc. No. 15).

On October 3, 2022, the Court granted Plaintiff's certified motion for leave to proceed in forma pauperis and deemed his original complaint filed.  (Doc. No. 17.)  The Court also granted Plaintiff's motion to amend his original complaint and directed him to file his amended complaint within thirty (30) days.  (Id.)  The Court denied as premature, however, Plaintiff's motion requiring proof of documentation from Defendant Smart Communications since Defendants had not yet been served

with the original complaint and Plaintiff was granted leave to file an amended complaint. (Id.)

### A. Plaintiff's Amended Complaint

On October 17, 2022, Plaintiff filed his amended Section 1983 complaint. (Doc. No. 18.) He once again named Defendants DOC, Smart Communications, Rivello and Goss, but he also named, for the first time, Defendant Corley. (Id. at 1-3.) In his amended complaint, Plaintiff asserted that the events giving rise to his claims occurred at SCI Huntingdon, beginning in August of 2021 and continuing up until October of 2022. (Id. at 4 (citing the pertinent dates as follows: June 27, 2022; July 11, 2022; August 17, 2022; August 25, 2022; and August 29, 2022).) Plaintiff also asserted that he brought this action because of the "Departmental, Institutional[,] and Employee wrongs[,]" as well as the "Procedural and Policy mishaps that need to be addressed and fixed[,]" as they are resulting in a "a Violation of Constitutional & Prisoner rights[.]" (Id.)

In connection with these assertions, Plaintiff alleged that Defendants DOC and Smart Communications do not have "permission verbally or written/[d]ocumented from [him] to scan/copy [his] original mail and give [him] copies." (Id.) Plaintiff also alleged that there is a "Violation of Mail & Denial of Legal Mail[ ] From Another State due to No Court Control Number, No Standardized U.S. Postal Mailboxes[.]" (Id.; id. at 5 (suggesting that "state legal

3

work" is not "get[ting] accepted into facilities like SCI[ ] Huntingdon").) In addition, Plaintiff alleged that "[he] was assaulted" (id. at 4) by Defendant Corley (id. at 5) and that Defendant Corley read his legal mail (id). Finally, Plaintiff sought to hold Defendant Goss "liable to replace [the] value of stolen property[.]" (Id.)

Based upon those allegations, Plaintiff appeared to assert a violation of his First Amendment rights against Defendants DOC and Smart Communications concerning his mail, a violation of his Eighth Amendment rights against Defendant Corley for allegedly assaulting him, and a violation of his Fourteenth Amendment rights against Defendant Goss concerning his allegedly "stolen" property. (Id.) Plaintiff, however, did not assert any violations of his rights against Defendant Rivello. As for relief, Plaintiff sought both injunctive and monetary relief against Defendants. (Id.)

By Memorandum and Order dated December 7, 2022, the Court dismissed Plaintiff's amended complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. Nos. 19, 20.) More specifically, the Court dismissed Plaintiff's Section 1983 claims against Defendants DOC and Smart Communications without leave to amend. (Doc. No. 19 at 7-11.) As to Defendant DOC, the Court concluded that it has Eleventh Amendment immunity and is not considered a "person" for purposes of Section 1983. (Id. at 7-9.) And, as to Defendant Smart Communications, the Court concluded that the

4

United States Court of Appeals for the Third Circuit previously denied the plausibility of a First Amendment claim similar to the one that Plaintiff raised, here, in this action.  (Id. at 9-11.)   In addition, the Court dismissed Plaintiff's Section 1983 claims against Defendants Rivello, Corley, and Goss, but with leave to amend. (Id. at 12-14.)  In particular, the Court found that Plaintiff's amended complaint did not give rise to a plausible inference that Defendants Rivello, Corley, or Goss had personally violated his constitutional rights.  (Id. at 12-13.)  The Court also found that, because Plaintiff's amended complaint did not give rise to a plausible inference that Defendants Rivello, Corley, or Goss had personally violated his constitutional rights, it did not provide fair notice of Plaintiff's claims against these Defendants and/or the grounds upon which those claims rest and, therefore, did not satisfy Rule 8 of the Federal Rules of Civil Procedure.  (Id. at 13-14.)   However, the Court could not say that it would be futile to grant Plaintiff leave to file a second amended complaint and, thus, granted Plaintiff such leave as to Defendants Rivello, Corley, and Goss.  (Id. at 14-16.)

5

### B.     Plaintiff's Second Amended Complaint

On January 9, 2023, Plaintiff filed his second amended Section 1983 complaint. (Doc. No. 21.) He named Rivello, Corley, and Goss as the Defendants (id. at 1-2), and he asserted the following allegations against them.

Regarding Defendant Rivello, the Superintendent at SCI Huntingdon, Plaintiff alleged that his "medical department refused to medicate Plaintiff[.]" (Id. at 2.) Plaintiff also alleged that "[h]is [g]rievance response was bias because his personal relationship outside [his position at SCI Huntingdon] could have incouraged [sic] him to protect other staff members[,]" including Defendant Corley, "from any possible" constitutional violations. (Id.) In addition, Plaintiff alleged that Defendant Rivello "failed to investigate [an] assault on Plaintiff when [he was] told personally[.]" (Id.) Finally, Plaintiff broadly alleged that Defendant Rivello had a "departmental policy [of] not allowing inmate[s] access to having or viewing documentation from outside agencies when used in [connection with a] misconduct[.]" (Id.) Based upon these allegations, Plaintiff claimed that Defendant Rivello violated his rights under the Eighth Amendment to the United States Constitution. (Id.)

Regarding Defendant Corley, Plaintiff alleged that, on August 17, 2022, Defendant Corley "punched Plaintiff in the shoulder twice and also grabbed the back of his neck [and] squeezed it tightly, [causing Plaintiff to feel] extreme excraciating

[sic] pain." (Id. at 3 (alleging that this constitutes "excessive force").) In addition, Plaintiff broadly alleged that Defendant Corley "opened [and] read" his mail and that this "caused [him] to get a misconduct report[.]" (Id.) Based upon these allegations, Plaintiff appeared to claim that Defendant Corley violated his rights under the First and Eighth Amendments to the United States Constitution. (Id.)

Regarding Defendant Goss, Plaintiff alleged that she "overlook[ed] Plaintiff asking for help within the Request of Staff, where [his] cell-mate was stealing from [him] at [the] time." (Id.) Plaintiff also alleged that Defendant Goss placed an "atypical" and "significant[ ]" hardship on him "due to loss of job" in SCI Huntingdon's kitchen. (Id.) As a result, Plaintiff claimed that she violated his "[e]qual [p]rotection" rights under the Fourteenth Amendment to the United States Constitution. (Id.)

As for relief, Plaintiff sought monetary damages in the form of compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 3-4.) Plaintiff also made a demand for a jury trial. (Id. at 4.)

By Memorandum and Order dated December 7, 2022, the Court partially dismissed Plaintiff's second amended complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. Nos. 23, 24.) More specifically, the Court dismissed without leave to amend Plaintiff's Eighth Amendment claim against Defendant Rivello for failure to, once again, allege

7

particular allegations of his personal involvement in this Section 1983 action. (Doc. No. 23 at 11-12.) In addition, the Court dismissed, but with leave to amend, Plaintiff's First Amendment claim against Defendant Corley (id. at 12-13) and Plaintiff's Fourteenth Amendment equal protection claim against Defendant Goss (id. at 16-17), both for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. And, finally, the Court stated that it would permit Plaintiff to proceed on his Eighth Amendment excessive use of force claim against Defendant Corley. (Id. at 14-15, 18.)

      C.     **Plaintiff's Third Amended Complaint**

On March 29, 2023, Plaintiff filed his third amended Section 1983 complaint. (Doc. No. 25.) He names Corley and Goss as the Defendants (id. at 1-3), and he generally contends that the events giving rise to his claims arose at SCI Huntingdon in February and August of 2022 (id. at 4).

Regarding Defendant Goss, Plaintiff alleges that, when he "ask[ed] for help[,]" Defendant Goss was "derealic [sic] of duty by overlooking [his] cellmate stealing from [him][.]" (Id.) Plaintiff further alleges that he "want[s] her to pay for replacement of items stolen" and would "like to be put back in kitchen to work at same pay role due to her getting [him] fired." (Id.) Plaintiff claims that this "placed [an] atypical [and] significant hardship on [him]." (Id.) In connection with his various allegations against Defendant Goss, Plaintiff states that he "put in a request

8

of staff[,]" and he makes reference to, albeit broadly, the "Grievance Policy[.]" (Doc. No. 25 at 4.)

Regarding Defendant Corley, Plaintiff asserts that he "assaulted [him] outright which was unethical [and] [un]professional and if something ain't done, cause everyone is covering it up . . . I will murder that asshole . . . LEGALLY JUDGE." (Id.) In connection with these allegations, Plaintiff claims that he has suffered mental and physical pain and injuries. (Id. at 5.) As for relief, Plaintiff seeks $75,000 compensatory and punitive damages from both Defendants, as well as declaratory and injunctive relief. (Id.) Plaintiff also reasserts his demand for a jury trial. (Id. at 1.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient

factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff has filed his third amended complaint against Defendants Corley and Goss pursuant to the provisions of Section 1983, asserting violations of his rights under the Eighth and Fourteenth Amendments.  (Doc. No. 25.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

In order for liability to attach under Section 1983, Plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's

11

personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).

### A.  Defendant Goss

In his third amended complaint, Plaintiff alleges that Defendant Goss was "derealic [sic] of duty by overlooking [his] cellmate stealing from [him][.]" (Doc. No. 25 at 4.) Plaintiff further alleges that he "want[s] her to pay for replacement of items stolen" and would "like to be put back in kitchen to work at same pay role due to her getting [him] fired." (Id.) Plaintiff asserts that this "placed [an] atypical [and] significant hardship on [him]." (Id.) Based upon these allegations, Plaintiff appears to claim that Defendant Goss violated his due process rights under the Fourteenth Amendment to the United States Constitution regarding the deprivation of his property and the loss of his prison job. (Id.)

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" See U.S. Const. amend. XIV, § 1.  In order to determine whether procedural due process requirements apply, the Court must first consider whether the "liberty" or "property" interest asserted is

one that is protected by the Fourteenth Amendment. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972) (stating that, in order "to determine whether due process requirements apply in the first place, [courts] must look not to the weight but to the nature of the interest at stake[,]" and thus, courts "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property" (internal citation and quotation marks omitted)). Here, the nature of the interests asserted is that Plaintiff was deprived of his personal property[1] and his prison job. The Court addresses these interests in turn below.

1. **Property**

It is well-established that the negligent deprivation of property by a state official does not give rise to a cognizable due process claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (providing that the negligent acts of state officials causing unintentional loss of or injury to life, liberty, or property do not violate the Due Process Clause of the Fourteenth Amendment); Allen v. Cooper, 140 S. Ct. 994, 1004 (2020) (stating that "a merely negligent act does not 'deprive' a person of property" within the meaning of the Due Process Clause (citing Daniels, 474 U.S. at 328)); Johnson v. City of Philadelphia, 975 F.3d 394, 402 (3d Cir. 2020) (stating that "'the Due Process Clause is simply not implicated by a negligent act of

---

[1] Notably, Plaintiff does not allege that Defendant Goss deprived him of his personal property, but rather, that she allowed, essentially, Plaintiff's cellmate to do so.

an official causing unintended loss of or injury to life, liberty, or property'" (quoting Daniels, 474 U.S. at 328) (emphasis in original)).

It is further established that the intentional deprivation of property by state officials also does not give rise to a cognizable due process claim if the plaintiff has an adequate post-deprivation remedy available under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (providing that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation [sic] remedy for the loss is available"); Allen, 140 S. Ct. at 1004 (explaining that a deprivation of property "must be intentional, or at least reckless, to come within the reach of the Due Process Clause[,]" and that "[a] State cannot violate that Clause unless it fails to offer an adequate remedy for [a deprivation], because such a remedy itself satisfies the demand of 'due process'" (citation and internal citation omitted)).

With respect to post-deprivation remedies in the prisoner context, the United States Court of Appeals for the Third Circuit has held that the DOC's administrative grievance system constitutes an adequate post-deprivation remedy. See, e.g., Monroe v. Beard, 536 F.3d 198, 209-10 (3d Cir. 2008) (finding that prison official-defendants who had confiscated legal materials belonging to the prisoner-plaintiffs did not violate the Due Process Clause, in part, because the DOC's grievance

procedure provided an adequate post-deprivation remedy); Tillman, 221 F.3d at 422 (finding that the prisoner-plaintiff had an adequate post-deprivation remedy in the county correctional facility's grievance program, thereby satisfying due process).

In addition to the DOC's grievance system providing an adequate post-deprivation remedy, it has also been held that Pennsylvania tort law provides an adequate remedy for prison officials' unlawful deprivation of inmate property. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) (waiving sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties . . ."); Mayo v. Hollibaugh, No. 18-cv-1492, 2020 WL 1467257, at *6 (M.D. Pa. Mar. 26, 2020) (explaining that even if the prison's grievance procedures "were constitutionally inadequate, [the prisoner-plaintiff] could take advantage of state tort law which may serve as an adequate post-deprivation remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3))); Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143, 145 (3d Cir. 2019) (unpublished) (explaining that "[e]ven if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would [still] provide an adequate remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3))).

Applying these principles here, the Court finds that, to the extent Plaintiff's third amended complaint can be construed as alleging that Defendant Goss negligently deprived him of his personal property, Plaintiff's allegations do not give

rise to a cognizable Fourteenth Amendment due process claim. See Daniels, 474 U.S. at 328; Allen, 140 S. Ct. at 1004; Johnson, 975 F.3d at 402. Additionally, the Court finds that, to the extent Plaintiff's third amended complaint can also be construed as alleging that Defendant Goss intentionally deprived him of his personal property, Plaintiff's allegations do not give rise to a cognizable due process claim because Plaintiff, who appears to reference the DOC's grievance policy, states that he submitted a "request of staff" at SCI Huntingdon (Doc. No. 25 at 4) and, thus, he had an adequate post-deprivation remedy available to him. See Hudson, 468 U.S. at 533; Monroe, 536 F.3d at 209-10; Tillman, 221 F.3d at 422.

Thus, to the extent that Plaintiff's third amended complaint can be construed as asserting a claim under the Fourteenth Amendment for the deprivation of his personal property without procedural due process of law, the Court concludes that his claim is subject to dismissal for failure to state a claim upon which relief can be granted. Additionally, because no amendment could cure these legal deficiencies, Plaintiff will not be granted leave to amend this claim.

### 2. Prison Employment

Additionally, inmates have no liberty or property interests in their prison jobs. See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Brian v. Werner, 516 F.2d 233, 240 (3d Cir. 1975); see also Presbury v. Wenerowicz, 472 F. App'x 100, 101 (3d Cir. 2012)

(unpublished). Thus, to the extent that Plaintiff's third amended complaint can be construed as asserting a Fourteenth Amendment due process claim based upon the loss of his job assignment at SCI Huntingdon, the Court concludes that this claim is subject to dismissal for failure to state a claim upon which relief can be granted. And, because no amendment could cure this legal deficiency, Plaintiff will not be granted leave to amend this claim.

### B. Defendant Corley

The Court has already found that the allegations in Plaintiff's second amended complaint, accepted as true and construed in the light most favorable to Plaintiff, have plausibly stated an Eighth Amendment excessive use of force claim against Defendant Corley. (Doc. Nos. 23, 24.) Thus, while the Court granted Plaintiff a final opportunity to attempt to amend his Section 1983 claims against Defendant Goss, Plaintiff has—for the reasons stated above—failed to state a Fourteenth Amendment claim upon which relief can be granted against Defendant Goss. (Doc. No. 25.) Additionally, although Plaintiff was also granted a final opportunity to attempt to amend his First Amendment claim against Defendant Corley, Plaintiff's third amended complaint fails to set forth any First Amendment claims. (Id.) As a result, the Court will dismiss Plaintiff's Fourteenth Amendment claims against Defendant Goss and Plaintiff's First Amendment claim against Defendant Corley, but will permit Plaintiff to proceed on his Eighth Amendment excessive use of force

claim against Defendant Corley, as that claim is set forth in the second amended complaint. (Doc. No. 21.) And, finally, because Plaintiff has been granted several opportunities to amend his claims, the Court finds that any further amendment would be futile here.

## IV. CONCLUSION

To conclude, the Court will dismiss Plaintiff's Fourteenth Amendment claims against Defendant Goss and Plaintiff's First Amendment claim against Defendant Corley for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). However, the Court will permit Plaintiff to proceed on his Eighth Amendment excessive use of force claim against Defendant Corley. An appropriate Order follows.

Dated: May 1, 2023                                s/ Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge